**In re Henry Clayton HILL, Sr., Geraldine Hill.**

**In re Ervin Lee Haste, Peggy Douglas Haste.**

**In re Mildred Salley Moore.**

**Nos. 03–32078, 03–32053, 03–32926.**

United States Bankruptcy Court, W.D. Louisiana, Monroe Division.

March 15, 2004.

---

Chet Harrod, Jr., Rebecca H. Harrod, Monroe, LA, Sam O. Henry, IV, West Monroe, LA, for Debtors.

## REASONS FOR DECISION

HENLEY A. HUNTER, Bankruptcy Judge.

These matters come before the Court on the Objections by the Trustee to the debtors' claims of exemptions on vehicles. These are Core Proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (B). This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and by virtue of the reference by the District Court pursuant to Local District Court Rule 83.4.1 incorporated into Local Bankruptcy Rule 9029.3, nor has the District Court done so on its own motion. This Court makes the following Findings of Fact and Conclusions of Law in accordance with F.R.B.P. 7052. Pursuant to these reasons, the Trustee's Objections are **SUSTAINED**.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

These debtors filed voluntary petitions under Chapter 7. The Chapter 7 Trustee in all three cases is Ms. Lucy G. Sikes. The Trustee timely objected to the exemptions claimed by the debtors on their personal vehicles. A hearing was held on the Haste and Hill cases on February 4, 2004. At that hearing, the parties stipulated that the debtors were retired. These matters

were taken under advisement, following a hearing at which debtors' counsel argued that a change to the Louisiana statutory exemption scheme enacted in 2003 made $7,500 in equity value in one motor vehicle per household exempt, even when the vehicle is not used in earning a livelihood.

In particular, counsel to debtors opine that the vehicle is exempt if a primary use consists of transportation to and from medical service providers for unemployed debtors who suffer from various maladies ranging from poor health to incurable illnesses. Counsel to the Hill debtors asserted he was active in urging the legislative amendment at issue.

The issue of the objection to the exemption in the Moore case was set for a hearing on March 3, 2004. Since the identical issues are involved, the Moore matter was also taken under advisement. There is no dispute as to the value of the vehicles owned by these debtors. All are scheduled at a value less than $7,500.00.

## Applicable Law

 Property of the estate under 11 U.S.C. § 541 encompasses a broad and inclusive range of estate property. It includes exempt property that is ultimately "exempted out" of the estate. A debtor is required to file a schedule or listing of exempt property. If no objection is filed, the listed property is exempt. 11 U.S.C. § 522, F.R.B.P. 4003, *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). If an objection to the exemption is filed, then the objecting party has the burden of establishing that the exemption was not properly claimed. Louisiana is an "opt-out" state, meaning that its residents may exempt only that proper-

ty that is exempt under its laws or federal laws other than those set forth in 11 U.S.C. § 522(d).

La. R.S. 13:3881, prior to the amendment, read as follows:

A. The following income or property of a debtor is exempt from seizure under any writ, mandate or process whatsoever:

(2) That property necessary to the exercise of a trade, calling or profession by which he earns his livelihood, which shall be limited to the following:

(a) Tools.

(b) Instruments.

(c) Books.

(d). One pickup truck with a gross weight of less than three tons, or one motor vehicle, which does not possess any of the characteristics of a luxury automobile as defined under R.S. 39:365(B) which also shall not be a vehicle used solely for transportation to and from the place at which the debtor earns his livelihood; and

(e). One utility trailer.[1]

The difficulty encountered by Louisiana debtors under this version of La. R.S. 13:3881 related to the need to use the vehicle which was the subject of the exemption claims in one's employment. As the statute clearly explained, merely driving the vehicle to and from work was not a basis for the exemption. Even this seemingly simple requirement resulted in litigation. The issue arose, in the context of a joint case, whether a husband and wife could both claim the exemption. In the unreported case of *In re Clarence Roy Robert and Mary G. Robert*, Case No. 94–50187, United States Bankruptcy Court,

---

1. La. R.S. 39:365 was repealed in 1986. Prior to its repeal, the statute was contained in a section of the Louisiana Revised Statutes dealing with public finance and prohibited by its terms the purchase or lease of luxury auto-

mobiles by state agencies. It contained a laundry list of attributes of luxury automobiles including wheelbase length, engine displacement and total weight.

E.D. La., Lafayette–Opelousas Division, May 19, 1994, the trustee objected to the joint debtors each exempting a vehicle, arguing that the exemption statute authorized only one vehicle exemption. The Court disagreed, observing:

"Read literally, the statute limits 'a debtor' to either one pickup truck *or* one non-luxury automobile. In this case, one of the Debtors claimed the pick-up truck and the other claimed the automobile. Although the plain wording of the statute would appear to prohibit one debtor from claiming two vehicles as exempt, the statute does not prohibit two debtors from claiming two vehicles. This result does not do violence to the statute, especially when consideration is given to the liberality with which exemptions are construed in bankruptcy matters."

Not withstanding the repeal of the luxury car definition statute, debtors who sought to exempt expensive vehicles encountered difficulty. *See In Re Janet Ochs Norris,* Case No. 97–30084, and *In Re James A. Norris, Jr.,* Case No. 95–30087, Reasons for Decision on Remand of Matters for Reconsideration and Consolidation, unpublished, December 30, 1997, where this Court, pursuant to the directions of the district court, upheld the debtors respective claims for exemptions on a Mercedes and Suburban. While the *Norris* cases involved procedural issues, and issues involving the dissolution of the former community property regime between the divorced debtors, this Court upheld the determination of another judge of this Court that the exemptions were properly claimed. Nevertheless, these cases demonstrate the need for the objecting party to demonstrate that the vehicles under the prior statute were not used in the debtor's employment. Under the prior statute, if the debtor(s) drove the vehicle only to and from their place of employment and the vehicle was not required in the exercise of the occupation, then the exemption claim failed.

■ After the amendment at issue, subsection (d) of section (2) was revised to read as follows:

(2) That property necessary to the exercise of a trade, calling or profession by which he earns his livelihood, which shall be limited to the following:

. . .

(d). Seven thousand five hundred dollars in equity value for one motor vehicle per household, used by the debtor and his family household. The equity value of the motor vehicle shall be based on the NADA retail value for the particular year, make and model. The one motor vehicle may be used in exercising a trade, calling or profession or used for transportation to and from the place at which the debtor earns his livelihood.

Counsel for the Haste and Hill debtors opine that the amended statute removes the requirement that the debtor must be employed to successfully claim the exemption. This interpretation of the statute is simply not possible on its face. It is clear that the statute resolves the quandary encountered by the debtor whose *occupation* does not necessitate the use of a particular vehicle to perform the duties incumbent on the employee on the job, but does not eliminate the requirement that there be *some employment* to which the debtor must be transported. Put simply, the statute is not ambiguous.

The statute also resolves concerns over a debtor claiming an exemption on a luxury vehicle under the prior version of the statute, inasmuch as a Court is no longer bound to jump through the hoops of extracting meaning, if any, by reference to the terms of a repealed statute. Thus, the

issues that concerned the Court in *Norris* are replaced by a clearly defined value limitation on the exemption relying on an amount that may be determinable from the NADA guide.[2]

■ This Court finds no need to resort to the legislative intent to resolve this inquiry, notwithstanding the appeals of debtors' counsel. The statute is simply not ambiguous, which is a requirement to be met prior to engaging in an investigation of legislative intent. By its terms, both before and after its amendment, the statute requires that in order for a debtor to exempt a vehicle from seizure, he or she must be employed. The amendment removed the requirement that the vehicle must be used in the course and scope of employment, by deleting the proviso that the vehicle could not be used solely to go to and from work. Nothing in the statute refers to debtors who are no longer employed, whether voluntarily retired, or retired due to illness or disability. Nothing in the statute authorizes exemption of a vehicle to transport a debtor to and from medical appointments.[3]

So persuaded were counsel to the Hill and Haste debtors of their position that they asked the legislator sponsoring the amendment to attend the hearing and urged the Court to consider the legislative history of the act. Senator Robert Barham attended the hearing and was prepared to testify. Debtors' counsel cited *SWAT 24 Shreveport Bossier, Inc. v. Bond,* 808 So.2d 294 (La.2001), as authority for permitting a single legislator to testify as to the intent of a statute. The Trustee objected to his testimony.

■ Although the Court allowed the testimony of Senator Barham to be proffered, the ruling of the Court during the hearing sustained the Trustee's objection.[4] This Court directed that the acceptable procedure for admitting such evidence of legislative intent would be to introduce the minutes of the hearings and the legislative session. Attached hereto are the Minutes of the Meeting of Senate Committee on Judiciary A, held April 15, 2003, concerning, *inter alia,* SB 104, offered by Senator Barham. The minutes report that the bill "provides exemption for certain vehicles from seizure. [Senator Barham] stated there is an amendment to this bill which provides protection of a vehicle during bankruptcy proceedings not to exceed $7500.00 in value and can be used in a trade or transportation to and from work." The amendment was offered without objection, and was reported with amendments. Also attached is a transcript of remarks by Senator Barham, apparently made on the Senate floor. This transcript provides pertinent part:

---

2. On the other hand, it would appear that the *Robert* case may be in doubt, in that the exemption is limited to only one vehicle per household, regardless of the number of household members employed. This may raise concerns that constrict the exemption beyond joint debtors to other debtor-household members. The *Norris* debtors were no longer residing in the same household.

3. This Court's effort to treat an automobile as "equipment for required therapy" under the statute where debtor was required to attend therapy sessions three times a week was soundly rejected by the district court on appeal. *Thomas R. Willson, Trustee vs. Charles William Beaubouef,* Civil Action No. 97–1697, November 10, 1997.

4. This Court reluctantly agreed to consider the legislative record because of the importance of this issue, notwithstanding its finding that the statute is not ambiguous, and there is no need to resort to the legislative history. Debtors proffered the testimony of Senator Barham. The proffer may be a part of the record on appeal. However, this Court listened to the testimony and finds no support for a different result.

This bill is in regard to an exemption of a vehicle from seizure in the case of a bankruptcy. Under current law, if a person has a vehicle that is used in his profession or trade it is exempt from seizure but what we recognize is there are people who have a vehicle and absent some protection they cannot go to work, to earn any money to payoff bankers or other people they owe, or *transport their families to medical facilities* and we have an amendment that addresses that. This vehicle now will be one vehicle less than, not to exceed $7,500 in value and can be used not only in the trade but as transport to and from work or provide their livelihood and that is the amendment that I would offer that the bankers suggested to us."

(Emphasis supplied)

This is the only reference to transportation to medical use of a vehicle, and it exists solely in the context of a discussion of employed debtors. Nothing in the legislative record suggests that the amendment was intended to extend the exemption to debtors who were no longer employed and needed a vehicle for medical transportation.

### CONCLUSION

Pursuant to these reasons, the Objections by the Trustee to the Debtor's Claims of Exemptions are **SUSTAINED**. Separate and conforming orders will enter.